IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARCUS AKINSEYE; BOSE
AKINSEYE; MIRACLE OGUNLADE;
DAVIDA AKINSEYE; DANIELA
AKINSEYE; and DEBORAH AKINSEYE                           PLAINTIFFS

v.                         Case No. 6:23-cv-06010

KINSEY MARIE BRYANT                                      DEFENDANT

## ORDER

Before the Court is a Motion to Dismiss filed by Defendant Kinsey Marie Bryant. (ECF No. 23). Plaintiffs Marcus Akinseye, Bose Akinseye, Miracle Ogunlade, Davida Akinseye, Daniela Akinseye, and Deborah Akinseye ("Plaintiffs") have responded. (ECF No. 25). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On January 23, 2023, Plaintiffs filed their Complaint alleging two claims against Defendant: (1) negligence and (2) negligence *per se*. (ECF No. 2, at 3-4). On April 3, 2024, Defendant filed the instant motion arguing that Arkansas law does not recognize an independent negligence *per se* claim and that Plaintiff's negligence *per se* claim should be dismissed. (ECF No. 24, at 1). On April 18, 2024, Plaintiffs responded, and agreed that negligence *per se* is not an independent claim pursuant to Arkansas law. (ECF No. 25, at 1-2). Plaintiffs also request permission to file an attached amended Complaint that would remove the negligence *per se* claim and move the statutes contained in the negligence *per se* claim section to the negligence claim section. (ECF No. 25, at 2; ECF No. 25-1, at 3-4).

## II. STANDARD OF REVIEW

Though Defendant labeled her motion as one pursuant to Rule 12(b)(6), such a motion must have been filed before she filed her answer. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Therefore, the Court will evaluate Defendant's motion as one seeking judgment on the pleadings pursuant to Rule 12(c). *See Patrick v. Rivera-Lopez*, 708 F.3d 15, 18 (1st Cir. 2013) (noting that an untimely motion pursuant to Rule 12(b)(6) should be treated as a motion pursuant to Rule 12(c)); *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (noting a district court should construe a Rule 12(b) motion to dismiss filed after pleadings are closed as a motion pursuant to Rule 12(c)); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (noting that the defendants' motion to dismiss pursuant to Rule 12(b)(6) must be construed as a motion pursuant to Rule 12(c) because it was filed after their answer). This distinction does little to alter the Court's analysis because the standard for evaluating a motion under Rule 12(b)(6) and Rule 12(c) is practically identical. *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

A pleading must state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard and to survive a Rule 12(b)(6) motion, a complaint need only state factual allegations sufficient to raise a right to relief above the speculative level that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts deciding a Rule 12(c) motion are required to accept as true the complaint's well-pled allegations and must resolve all inferences in the plaintiff's favor. *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). However, this tenet does not apply to

legal conclusions, "formulaic recitation of the elements of a cause of action," or naked assertions which are so indeterminate as to require further factual enhancement. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Wishnatsky*, 433 F.3d at 610.

When considering a motion for judgment on the pleadings, courts must generally ignore all materials outside the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). However, courts may consider "some materials that are part of the public record or do not contradict the complaint . . . as well as materials that are necessarily embraced by the pleadings." *Id.* (internal quotation marks omitted). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

### III. DISCUSSION

The main issue before the Court is whether Plaintiffs' independent claim of negligence *per se* against Defendant should be dismissed. "Under Arkansas law, the violation of a statue is only evidence of negligence and does not constitute negligence *per se*." *Rodriguez v. Mena Hosp. Comm'n*, No. 2:23-CV-2002, 2023 WL 7198441 (W.D. Ark. Nov. 1, 2023) (citation omitted). "Arkansas is in the minority of states that takes the view that the violation of a statute is not negligence *per se*, but is merely one piece of 'evidence a jury may consider in determining whether a defendant is guilty of negligence.'" *Loftis v. Credit Acceptance Corp.*, No. 4:10-CV-00496 BSM, 2011 WL 976621, at *6 (E.D. Ark. Mar. 18, 2011) (citation omitted). Arkansas law flatly does not recognize negligence *per se* as an independent claim, only as evidence to be considered when determining if a defendant is guilty of negligence. Further, Plaintiffs acknowledges that their

independent negligence *per se* claim is not legally cognizable under Arkansas law. Thus, the Court finds that Plaintiffs cannot bring an independent claim for negligence *per se* against Defendant.

## IV.  CONCLUSION

Accordingly, the Court finds that Defendant's Motion to Dismiss should be and hereby is **GRANTED.** Plaintiffs' independent claim for negligence *per se* is hereby **DISMISSED WITHOUT PREJUDICE.**[1]

**IT IS SO ORDERED**, this 4th day of March, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] The Court notes that because Plaintiffs may not amend as a matter of course at this stage, now "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). If Plaintiffs wish to amend their Complaint they should file a separate motion on the docket for the Court's consideration.